No. 18-2892

IN THE
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

BRENDAN HOLBEIN,
Plaintiff/Appellant,

v.

BAXTER CHRYSLER JEEP, INC. and TAW ENTERPRISES, INC.,
Defendants/Appellees.

Appeal from the United States District Court for the District of Nebraska
The Honorable Laurie Smith Camp, United States District Judge

**PETITION FOR REHEARING EN BANC
OF APPELLEE TAW ENTERPRISES, INC.**

Shawn D. Renner (#17784)
Tara A. Stingley (#23243)
Nathan D. Clark (#25857)
CLINE WILLIAMS WRIGHT
    JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, Nebraska 68144
Phone: (402) 397-1700
Fax: (402) 397-1806
srenner@clinewilliams.com
tstingley@clinewilliams.com
nclark@clinewilliams.com

ATTORNEYS FOR APPELLEE

# F.R.A.P. 35 STATEMENT

The panel decision in this case conflicts with precedent of the United States Supreme Court in *Caterpillar v. Lewis*, 519 U.S. 61 (1996), *Grubbs v. General Electric Credit Corp.*, 405 U.S. 697 (1972), *Mackay v. Uinta Development Co.*, 229 U.S. 178 (1913), and *Baggs v. Martin*, 179 U.S. 206 (1900). It also conflicts with this Court's opinions in *Transit Casualty Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997), and *Nolan v. Prime Tanning Co., Inc.*, 871 F.2d 76 (8th Cir. 1989). Consideration by the full Court is therefore necessary to secure and maintain uniformity of the Court's decisions.

Furthermore, this proceeding involves a question of exceptional importance, namely, whether the requirements of the "forum-defendant rule" imposed by 28 U.S.C. § 1441(b)(2) may be waived. This is an issue that has been addressed in authoritative decisions by ten United States Courts of Appeals, nine of which have reached a conclusion contrary to this Court's opinions in *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992), and *Horton v. Conklin*, 431 F.3d 602 (8th Cir. 2005), on which the panel relied.

**INTRODUCTION**

Alone among the Courts of Appeals, this Court holds that a removal contrary to the forum-defendant rule deprives a district court of the ability to exercise subject matter jurisdiction based on diversity of citizenship even though the plaintiff never quarrels with the federal court's jurisdiction before judgment, via a remand motion or otherwise. The panel acknowledged this Court's rejection of the consistent views of its sister courts but felt constrained to dismiss this appeal because of this circuit's law.

A court with subject matter jurisdiction over a case should exercise it. TAW contends this circuit's precedents in this area are contrary to Supreme Court authority, and the other circuits agree. This petition provides the Court an opportunity to examine whether it should join all other circuits to have considered this question. The Court should grant this petition.

**BACKGROUND**

**A.    Nature of the Case and the Panel's Decision.**

Brendan Holbein ("Holbein"), an Arizona resident, sued TAW Enterprises, Inc. ("TAW"), a Nebraska corporation, in the District Court for Sarpy County, Nebraska.[1] Add. at 5. His operative complaint appeared to attempt to allege a claim

---

[1] Although Baxter Chrysler Jeep, Inc., also was named a defendant, it was never served process. Slip Op. at 2, n.1.

under federal law, specifically, the Gramm-Leach-Bliley Act ("GLBA"), Pub. L. No. 106-112, 113 Stat. 1338 (1999). App. at 12–15.

TAW removed the case to the U.S. District Court for the District of Nebraska, asserting federal question jurisdiction based on Holbein's GLBA claim and subsequently moved to dismiss. App. at 6–21. In opposing the motion, Holbein argued the claims raised in his amended complaint arose under Nebraska law and the amended complaint's references to GLBA were intended to provide a predicate for his state law retaliation claim. Add. at 7. The District Court's order addressed both federal and state law, granted TAW's motion, and dismissed the amended complaint. Add. at 3–12. Holbein appealed.

In the District Court, Holbein never moved to remand the case to state court or contested the District Court's jurisdiction to decide his claims.

In his opening appellate brief, Holbein asserted diversity as the basis for the District Court's jurisdiction over the case. Br. of Appellant at 1. TAW's appellate brief advised the panel that it had removed the case based on federal question jurisdiction, and that it would not have been able to remove based on diversity jurisdiction because of the so-called "forum-defendant rule" set out in 28 U.S.C. § 1441(b)(2). Br. of Appellee at 1–2. TAW contended Holbein waived his opportunity to seek remand on that basis, and in any event original federal question jurisdiction was available under the well-pleaded complaint rule. *Id*. at 5–13. At

3

oral argument, Holbein changed his position and argued for the first time that the forum-defendant rule deprived the District Court of the power to decide his claims.

The panel held that under this Court's precedent in *Hurt v. Dow Chemical Co.*, 963 F.2d 1142 (8th Cir. 1992), and *Horton v. Conklin*, 431 F.3d 602 (8th Cir. 2005), the forum-defendant rule cannot be waived. Slip. Op. at 3–4. Also concluding that the alleged violations of GLBA policy did not confer federal question jurisdiction over the dispute, the panel vacated the District Court's judgment and ordered that the case be remanded to state court. *Id*. at 5–7. However, the panel observed, "Our sister circuits have read [*Grubbs v. General Electric Corp.*, 405 U.S. 699 (1972)] to mean that violation of the forum-defendant rule is a procedural matter that may be waived rather than a jurisdictional matter that cannot." *Id*. at 3. The panel acknowledged this Court's precedent in *Hurt* and *Horton* stood in sole opposition to "the overwhelming weight of authority." *Id*. at 4 (quoting *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 940 (9th Cir. 2006)). This petition follows.

**B.     The Current Law of this Circuit.**

Title 28 U.S.C. §§ 1441 to 1445 set forth the grounds on which a case may be removed from state to federal court, and § 1446 prescribes the procedure for effecting removal. Section 1441(b)(2)—commonly known as the "forum-defendant rule"—provides: "A civil action otherwise removable solely on the basis of the

jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." Section 1447 provides in relevant part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

In *Hurt*, this Court considered whether the forum-defendant rule may be waived by a plaintiff who fails to move timely to remand the case to state court. An Illinois plaintiff sued two defendants in Missouri, one of which was a Missouri resident. *Hurt*, 963 F.3d at 1143. The defendants removed on federal question grounds. *Id.* Nearly a year after removal, the plaintiff moved to remand, arguing that federal question jurisdiction was lacking and the district court denied the motion. *Id.* at 1143–44. At that time, the first sentence of § 1447(c) provided, "A motion to remand the case on the basis of any defect *in removal procedure* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (1988) (emphasis added).

On review of that denial, this Court concluded there was no federal question jurisdiction and that, notwithstanding diversity of the parties, the removal's transgression of the forum-defendant rule deprived the district court of jurisdiction.

*Id.* at 1144–46. The Court reasoned that the form of jurisdiction available to a removing defendant was not original jurisdiction, reserved for plaintiffs, but removal jurisdiction. *Id.* at 1144 ("Defendants must come within the court's removal jurisdiction. The concept of original jurisdiction has no meaning with respect to a defendant."). Viewing § 1441 as a statute defining the scope of removal jurisdiction, the Court reasoned that the forum-defendant rule "makes diversity jurisdiction narrower than if the case were originally filed in federal court by the plaintiff." *Id.* at 1145. The district court's judgment was reversed with instructions to remand the case back to state court. *Id.* at 1146.

This Court reaffirmed *Hurt* in *Horton v. Conklin*, 431 F.3d 602 (8th Cir. 2005). In 1996—after *Hurt* and before *Horton*—Congress amended § 1147(c) to its present form. In rejecting an argument that the forum-defendant rule was procedural and hence subject to waiver, the *Horton* panel cited *Hurt*, and after acknowledging conflicting views on the topic, stated that "*Hurt* sets forth the better rule." *Id.* at 605. It thus held, "violation of the forum defendant rule constituted a jurisdictional defect." *Id.* *Horton* (inadvertently) quoted the pre-1996 "defect in removal procedure" version of § 1447(c), rather than the then-effective "defect other than lack of subject matter jurisdiction" language. *Id.* at 604.

6

# ARGUMENT

*Hurt* and *Horton* employed a rubric often used in cases discussing whether the forum-defendant rule may be waived: Is the rule procedural or jurisdictional? The approach taken in *Hurt* was to place both removal jurisdiction and original jurisdiction into the jurisdictional side of this rubric, and to place the requirements of § 1446 into the procedural side. But *Hurt* and *Horton* do not account for what the 1996 Amendment to § 1447 makes clear: The proper analysis for whether a removal defect can be waived is not whether the defect is "procedural" or "jurisdictional," but whether it is "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c). TAW contends a violation of the forum-defendant rule is not a defect in subject matter jurisdiction, and therefore may be waived. This is consistent with the statutory and legislative histories of § 1447, 120 years of Supreme Court precedent, the decisions of every other Court of Appeals to consider the issue, and this Court's own precedent.

## A. The History of § 1447(c) Supports TAW's Position.

Successive amendments to § 1447 demonstrate Congress' intent that defects in the statutory grounds for removability other than original jurisdiction are waived if not raised in a motion to remand within 30 days from the notice of removal.[2]

---

[2] For a review of the removal statutes from 1875 forward, see generally *Woodward v. D.H. Overmyer Co.*, 428 F.2d 880, 882 n.3 (2d Cir. 1970), and *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1254–58 (11th Cir. 1999).

Congress enacted § 1447 in 1948 and amended subsection (c) in 1988 to read in relevant part: "A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (1988). The House Report on that amendment clarified that the 30-day period applied to "any ground other than lack of subject matter jurisdiction," and that the term "removal procedure" was implemented to "avoid any implication that remand is unavailable after disposition of all federal questions leaves only State law questions that might be decided as a matter of ancillary or pendent jurisdiction or that instead might be remanded." H.R. Rep. No. 100-889, at 72 (1988).

In 1996, Congress made a clarifying amendment, replacing "any defect in removal procedure" with "any defect other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c) (2000). The House Report on the amendment stated:

> The intent of Congress is not entirely clear from the current wording of 28 U.S.C. § 1447(c), and it has been interpreted differently by different courts. S. 533 clarifies the intent of Congress that a motion to remand a case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under 28 U.S.C. § 1446(a).

H.R. Rep. 104-799, at 2 (1996). Other Courts of Appeals have concluded that "by substituting 'defect other than lack of subject matter jurisdiction' for 'defect in removal procedure,' Congress sought to ensure that even the 'more substantive' removal defects, such as § 1441(b) violations, were subject to the 30 day time limit."

8

*Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (quoting *Snapper*, 171 F.3d at 1257–58); *cf. Graphic Commc'ns Local 1B v. CVS Caremark*, 636 F.3d 971, 975 (8th Cir. 2011) ("Congress undoubtedly intended to broaden section 1447(c) in 1996.").

This history shows that Congress intended removal defects, whether procedural or substantive, to be waivable with the one exception of "lack of subject matter jurisdiction."[3] As indicated in the Supreme Court precedent described below, lack of subject matter jurisdiction means simply lack of original jurisdiction, and does not include the other substantive grounds for removal in §§ 1441 to 1445.

## B. The Panel's Decision Conflicts with Supreme Court Precedent.

The Supreme Court has repeatedly held that the statutory grounds for removability other than original jurisdiction describe the mechanics of removal and

---

[3] Cases in this area imprecisely use the terms "subject matter jurisdiction," "original jurisdiction," and "removal jurisdiction." TAW understands the term "removal jurisdiction" to refer to the statutory grounds by which a federal district court obtains the power to hear a case filed in state court. It understands "original jurisdiction" to be one (among several) of the grounds for removal contained in § 1441—i.e. a predicate for removal jurisdiction. This ground is satisfied when the case could have been brought in the federal district court "originally." As with any case filed originally in district court, it must come within the class of cases in 28 U.S.C. §§ 1330 to 1369 that confer subject matter jurisdiction. "Subject matter jurisdiction," therefore, is a constituent part of "original jurisdiction," which is one among many of the grounds for conferring "removal jurisdiction." Accordingly, if any ground for removability *other than original jurisdiction* is absent, it is both a defect in removal jurisdiction *and* a defect "other than lack of subject matter jurisdiction." 28 U.S.C. § 1447(c); *see also Cogdell v. Wyeth*, 366 F.3d 1245, 1246–49 (11th Cir. 2004) (describing same relationship of jurisdictional terminology).

9

are, whether procedural or substantive, *something other than subject matter jurisdiction*. The forum-defendant rule has been a part of the removal statutes since at least 1888. Act of Aug. 13, 1888, ch. 866, 25 Stat. 434.

In *Baggs v. Martin*, 179 U.S. 206 (1900), a receiver appointed by a federal court removed a negligence action brought against him in state court to that same federal court, as ancillary to the action in which he was appointed. After judgment was entered against the receiver, the receiver appealed. *Id.* at 208. The Court of Appeals certified to the Supreme Court two questions: (1) "was it competent for said . . . receiver . . . to remove said cause"; and (2) "Did said circuit court for the District of Colorado, by virtue of the aforesaid removal, acquire lawful jurisdiction of said cause, and power to render the aforesaid judgment therein?" *Id*.

The Court determined that the federal court's jurisdiction over the receivership action extended to the negligence claim, and therefore "the court plainly had jurisdiction to entertain and determine the controversy." *Id.* at 209. The Court went on: "*We therefore answer the second question* put to us by the judges of the Circuit Court of Appeals *in the affirmative*; and it is therefore unnecessary to answer the first question, as the defendants in error are not raising it." *Id.* This passage demonstrates the Court—once satisfied that the federal court had subject matter jurisdiction—considered the propriety of removal irrelevant in determining whether the federal court had jurisdiction over the case.

10

In *Mackay v. Uinta Dev. Co.*, 229 U.S. 173 (1913), a Utah defendant and counterclaimant removed a case brought against him in Wyoming by a Wyoming plaintiff and counterdefendant. The original claim against the defendant was for less than the amount-in-controversy requirement, although the counterclaim was for more. After the case proceeded to judgment without objection by either party, the Court of Appeals certified to the Supreme Court the question: "Assuming that the removal . . . was not in conformity with the removal statute, and assuming . . . all the jurisdictional elements were present which were essential to enable the circuit court to take cognizance thereof, if [Mackay] had commenced an action thereon in that court," and the case proceeded to judgment without objection, "did the parties . . . enable that court to take cognizance of the controversy and to proceed to a final judgment therein . . . ?" *Id.* at 175. The Court, finding the amount sought in the counterclaim satisfied the amount-in-controversy requirement, responded that the question "must be answered in the affirmative," and explained that "Removal proceedings are in the nature of process to bring the parties before the United States court" and are therefore waivable. *Id.* at 176.

The Court also discussed a distinction between subject matter or original jurisdiction on the one hand, and conformity with the removal statutes on the other in *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 16 (1951) ("There are cases which uphold judgments in the district courts even though there was no right to removal.

11

In those cases the federal trial court would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of the judgment.").

This approach was followed once more in *Grubbs v. General Electric Credit Corp.*, 405 U.S. 699 (1972). There, the removal defect—again as here, raised for the first time in the Court of Appeals after the matter had proceeded to judgment without objection by the parties—was the failure of a claim to come within 28 U.S.C. § 1444. *Id.* at 699–702. Section 1444—permitting removal for certain claims brought against the United States—would appear to provide a basis for removal equally "substantive" as § 1441. Nonetheless, the Court held the removal defect was waivable, stating:

> Longstanding decisions of this Court make clear, however, that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court *would have had original jurisdiction of the case had it been filed in that court*.

*Id.* at 702 (emphasis added). This passage appears indistinguishable from the instant case, except that the removal defect was based in § 1444 rather than § 1441. Again, the Court was clear that the controlling question is one of *original* jurisdiction. Thus, *Grubbs* "clearly suggested, even if it did not directly hold, that it does not view the removal statute as imposing independent jurisdictional restrictions on the federal courts." *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995).

Finally, these precedents were reviewed and a general principle articulated in *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). *Caterpillar* involved removal on the basis of diversity where it was later determined on appeal that the parties were not diverse at the time of removal. *Id.* at 64. Before trial, however, the nondiverse party settled, so party diversity existed at the time of judgment. *Id.* The Court held the case need not be remanded, stating "*Grubbs* instructs that an erroneous removal need not cause the destruction of a final judgment, if the requirements of federal subject-matter jurisdiction are met at the time the judgment is entered." *Id.* at 73. Here, the Court expressly referred to what *Grubbs* called "original jurisdiction" as "subject matter jurisdiction." Additionally, the Court distinguished between a "jurisdictional flaw"—diversity of the parties—from a "statutory flaw"—"the § 1441(a) requirement that the case be fit for federal adjudication at the time the removal petition is filed." *Id.*

These cases demonstrate the Supreme Court considers subject matter jurisdiction to be distinct and apart from the statutory requirements for removal, except to the extent it is incorporated into the term "original jurisdiction" in § 1441(a). Furthermore, these cases establish that even substantive grounds for removal are waived when the parties below, as here, did not object and the matter proceeded to judgment.

## C. The Panel's Decision Conflicts With Every Other Court of Appeals Opinion to Have Considered this Question.

Of the ten Circuit Courts of Appeals to have directly addressed whether the forum-defendant rule may be waived, nine have concluded that it may. *See Farm Constr. Servs. Inc. v. Fudge*, 831 F.2d 18, 21–22 (1st Cir. 1987); *Bailey v. Texas Co.*, 47 F.2d 153, 155 (2d Cir. 1931) (L. Hand, J.); *Woodward v. Overmyer Co.*, 428 F.2d 880, 881–83 (2d Cir. 1970) (H. Friendly, J.); *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 48–50 (3d Cir. 1995); *In re Exxon Chem. Fire*, 558 F.3d 378, 392–95 (5th Cir. 2009); *Handley-Mack Co. v. Godchaux Sugar Co.*, 2 F.2d 435, 435–38 (6th Cir. 1924); *Hurley v. Motor Coach Indus. Inc.*, 222 F.3d 377, 378–80 (7th Cir. 2000); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939–42 (9th Cir. 2006); *Am. Oil Co. v. McMullin*, 433 F.2d 1091, 1093–95 (10th Cir. 1970) (relying on *Lee v. Chesapeake & Ohio Ry.*, 260 U.S. 653 (1922)); *Borg-Warner Leasing v. Doyle Elec. Co.*, 733 F.2d 833, 835 n.2 (11th Cir. 1984). Although the Fourth Circuit has not yet addressed this question, at least one district court in that circuit has followed the majority rule. *See Councell v. Homer Laughlin China Co.*, 823 F.2d 370, 377–79 (N.D.W.V. 2011).

## D. The Panel's Decision Conflicts with this Court's Precedent.

Decisions of this circuit indicate that although "removal jurisdiction" depends, in part, on the existence of subject matter jurisdiction, the two are distinct

14

concepts. *See Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870–71 (8th Cir. 2002) (addressing separately arguments that district court lacked subject matter jurisdiction and that faulty notice of removal defeated removal jurisdiction); *Clifford v. Janklow*, 747 F.2d 1228, 1229 (8th Cir. 1984) ("Nor does the district court's lack of subject matter jurisdiction over the claim against the federal officer defeat section 1442(a)(1) removal jurisdiction."). Although the statutory grounds for removal may define "removal jurisdiction," they do not necessarily implicate subject matter jurisdiction.

Cases in this circuit also have recognized that the grounds for removal in §§ 1441 to 1445 are procedural in nature. The Convention on the Recognition and Enforcement of Foreign Arbitration Awards contains a removal provision stating, "[t]he *procedure* for removal of causes otherwise provided by law shall apply." 9 U.S.C. § 205 (emphasis added). This circuit has stated that this phrase "means 28 U.S.C. §§ 1441–1452." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).

In addition, *Nolan v. Prime Tanning Co.*, 871 F.2d 76 (8th Cir. 1989), held the failure to obtain the written consent of all defendants to removal—a component of removal procedure under § 1446—was a waivable defect. In so holding, *Nolan* relied on the First Circuit's decision holding that the forum-defendant rule is

15

waivable, stating the First Circuit had "found waiver in similar circumstances." *Id.* at 79 (citing *Farm Constr. Servs.*, 831 F.2d at 22).

The rationale underlying *Hurt* and *Horton* cannot be squared with this Court's decisions in *Transit Casualty Co.* and *Nolan*. In addition to conflicting with Congress' intent in enacting and amending § 1447 and the Supreme Court opinions described above, the tension in this Court's own opinions warrants rehearing.

## **CONCLUSION**

For these reasons, TAW respectfully requests this Court grant rehearing en banc to consider whether the forum-defendant rule may be waived.

DATED this 12th day of February, 2020.

[*Signature on Next Page.*]

TAW Enterprises, Inc., Appellee

By: s/ Nathan D. Clark
    Shawn D. Renner (#17784)
    Tara A. Stingley (#23243)
    Nathan D. Clark (#25857)
    CLINE WILLIAMS WRIGHT
        JOHNSON & OLDFATHER, L.L.P.
    Sterling Ridge
    12910 Pierce Street, Suite 200
    Omaha, Nebraska 68144
    Phone: (402) 397-1700
    Fax:    (402) 397-1806
    srenner@clinewilliams.com
    tstingley@clinewilliams.com
    nclark@clinewilliams.com

# CERTIFICATE OF COMPLIANCE

1.    This document complies with the word limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 3,862 words.

2.    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

(s) Nathan D. Clark

Attorney for TAW Enterprises, Inc.

Dated: February 12, 2020

# CERTIFICATE OF SERVICE

I hereby certify that, on February 12, 2020, I electronically filed the Petition for Rehearing En Banc with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

        TAW ENTERPRISES, INC., Appellee

By: /s/ Nathan D. Clark
     Shawn D. Renner (#17784)
     Tara A. Stingley (#23243)
     Nathan D. Clark (#25857)
     CLINE WILLIAMS
     WRIGHT JOHNSON & OLDFATHER, L.L.P.
     Sterling Ridge
     12910 Pierce Street, Suite 200
     Omaha, Nebraska 68144
     Telephone: (402) 397-1700
     Fax: (402) 397-1806
     srenner@clinewilliams.com
     tstingley@clinewilliams.com
     jhasan@clinewilliams.com
     Attorneys for Appellee

4820-6037-8291, v. 5

19